UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IU MIEN CHURCH, et al.,<br><br>　　　　　Defendants. | Case No. 2:24-cv-01412-DAD-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Taifusin Chiu is representing himself in this action against Defendants[1] Iu Mien Church and Donald Trump.[2] Plaintiff seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**I.　　SCREENING REQUIREMENT**

A determination that a plaintiff qualifies financially for IFP status does not complete the inquiry required by the statute. Pursuant to 28 U.S.C. § 1915(e), the court

---

[1] Plaintiff lists many defendants throughout the Complaint, including "All Iu mien from all churches, outside culture, and neighborhood/The President of US, Donald Trump," Compl. at 1 (ECF No. 1), "The President of the US/Statistic of people/Akl Iu Mien or Mien from all churches," *id.* at 4, and "Bank of America," *id.* at 20.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

must screen every IFP proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id.* at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Iqbal*, 556 U.S. at 678-79. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Iqbal*, 556 U.S. at 678.

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

/ / /

## II. THE COMPLAINT

Plaintiff's Complaint is incoherent and unintelligible, and he does not clearly allege a cause of action. *See* Compl. Though filed as a single document, it consists of several complaints strung together. Most of these complaints name the Defendants differently. The Complaint begins "Medal of Honor versus Purple Heart," "The President Show Down," "900 Septillion Number," "999 USD Quora's Number President Show Down and USD Infinite President Show down," "Maximum Number to Infinite Number USD President," and "Fight above and beyond and infinite debt." *Id.* at 1. Plaintiff includes nonsensical phrases repeated throughout his Complaint, including "Boundary line versus border line," "Medal of Honor versus Purple Heart," "Fight above and beyond world clock's debt," and "Restrict versus picky on boundary line versus borderline on human right and law in overall life achievement." *Id.* at 3; *see id.* at 7, 9, 11.

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, there is no cause of action alleged. Plaintiff has not alleged a coherent claim, so there is no way to determine whether this action arises under federal law. Further, it is unclear who all the defendants are, so their citizenship cannot be determined. Plaintiff also has not alleged a specific damages amount. Based on the Complaint, it does not "appear[] affirmatively from the record" that the Court has subject matter jurisdiction. *See Casey*, 4 F.3d at 1519 (citation omitted).

Therefore, the Court does not have subject matter jurisdiction and the Complaint should be dismissed on that ground.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

The Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). From the Complaint, the Court is unable to discern what causes of action Plaintiff intends to bring. *See* Compl. The Complaint is incoherent and unclear. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is therefore subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that this is not the first suit Plaintiff has initiated in this Court. A query within the district's CM-ECF court system indicates that Plaintiff has filed twenty complaints in the last two years that resemble the instant Complaint, and none have survived screening. *See, e.g.*,

*Chiu v. Farm Fow Saechou*, 2023 WL 3505546 (E.D. Cal. May 17. 2024) (dismissing without leave to amend); *Chiu v. President of United States*, 2023 WL 7004887 (E.D. Cal. Oct. 24, 2024) (same); *Chiu v. Trump*, 2023 WL 8602255 (E.D. Cal. Dec. 12, 2023) (same). In the majority of Plaintiff's other cases, the Court found leave to amend to be futile. Further, Plaintiff's current Complaint does not present a cogent, non-frivolous claim. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, it appears granting leave to amend would be futile. *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); *see Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The Complaint should therefore be dismissed without leave to amend.

## IV.     CONCLUSION

In accordance with the above, IT IS ORDERED that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED that the Complaint (ECF No. 1) be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

/ / /

/ / /

Dated:  November 18, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, chiu.1412.24